# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:20-CV-00267-RJC-DSC

| | |
|---|---|
| NICHOLE LANE, | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| v. | ) |
| ANDREW M. SAUL, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #10) and Defendant's "Motion for Summary Judgment" (document #13), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and these Motions are now ripe for disposition.

Having fully considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and the Commissioner's decision be affirmed.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on September 23, 2020. She assigns error to the Administrative Law Judge's failure to consider a prior finding of disability at the initial

determination step. See Plaintiff's "Memorandum ..." (document #10-1); "Response …" (document #15).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the

Commissioner's final decision is supported by substantial evidence. <u>Hays v. Sullivan</u>, 907 F.2d at 1456 (4th Cir. 1990); <u>see also</u> <u>Smith v. Schweiker</u>, 795 F.2d at 345; <u>and</u> <u>Blalock v. Richardson</u>, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. <u>Lester v. Schweiker</u>, 683 F.2d 838, 841 (4th Cir. 1982).

### III. <u>DISCUSSION OF CLAIM</u>

The question before the ALJ was whether Plaintiff became disabled[1] as that term of art is defined for Social Security purposes. Plaintiff previously filed a Title XVI claim for disability insurance on December 27, 2007. She was awarded benefits at the initial determination level on May 29, 2008. "Defendant's Memorandum …" at 6 (document #14); "Plaintiff's Response …" at 2 (document #15). Her benefits were later terminated when she married. She no longer met the income requirements for benefits because of her husband's earnings. <u>Id.</u>

Plaintiff argues that Acquiescence Ruling 00-1(4), <u>Effect of Prior Disability Findings on Adjudication of a Subsequent Disability Claim – Titles II and XVI of the Social Security Act</u>, 65 Fed. Reg. 1936-01, 2000 WL 17162 (Jan. 12, 2000, S.S.A.) required the ALJ to consider the prior determination in deciding her present claim. This Ruling "applies only to a finding of a claimant's residual functional capacity or other finding required at a step in the sequential evaluation process for determining disability provided under 20 CFR 404.1520, 416.920 or 416.924, as appropriate, <u>which was made in a final decision by an ALJ or the Appeals Council on a prior disability claim</u>."

---

[1] Under the Social Security Act, 42 U.S.C. § 301, <u>et seq</u>., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
> <u>Pass v. Chater</u>, 65 F. 3d 1200, 1203 (4th Cir. 1995).

AR 00–1(4) (S.S.A.), 2000 WL 43774, at *4. (emphasis added). AR 00-1(4) does not apply to the prior initial determination and the ALJ was not required to consider it. Lail v. Colvin, 5:13-CV-00089-MR-DLH, 2014 WL 4793234, at *6 (W.D.N.C. Sept. 25, 2014) ("Here, the determination of disability for the Plaintiff in 2000 was made at the initial stage. Thus, such determination did not have to be considered by the ALJ[.]") (internal citation omitted). Plaintiff's assignment of error must be overruled.

## IV.  RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #10) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #13) be **GRANTED**; and the Commissioner's decision be **AFFIRMED.**

## V.  NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO RECOMMENDED AND ORDERED**.

Signed: July 28, 2021

David S. Cayer
United States Magistrate Judge