UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00267-RJC-DSC

| | |
|---|---|
| NICHOLE LANE, ) | |
| Plaintiff, ) | |
| v. ) | **Order** |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on the Parties' Cross Motions for Summary Judgment, (DEs 10, 13), and the Magistrate Judge's Memorandum and Recommendation ("M&R") recommending that this Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the Commissioner's decision, (DE 16).

Having fully considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence and affirms the Commissioner's decision. Accordingly, the Court adopts the M&R, denies Plaintiff's Motion for Summary Judgment, and grants Defendant's Motion for Summary Judgment.

**I.  BACKGROUND**

Plaintiff Nichole Lane ("Lane") seeks judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of her social security claim. Lane filed an application for disability insurance benefits on May 4, 2017, with an alleged onset date of

December 27, 2007. (Tr.[1] 15).

In denying Lane's social security claim, the ALJ conducted a five-step sequential evaluation. (Tr. 15–27). The ALJ found that Lane was not disabled on January 30, 2020, and the Appeals Council denied Lane's request for review on August 12, 2020. After exhausting her administrative remedies, Lane brought the instant action for review of Defendant's decision denying her application for disability insurance benefits under Title XVI of the Social Security Act. (DE 1).

Lane had previously filed a Title XVI claim for disability insurance benefits on December 27, 2007 when she was eighteen and was awarded benefits at the initial determination level on May 29, 2008. (DE 16 at 3). However, her benefits were terminated when she was married as she no longer met the income requirements because of her husband's earnings. (*Id.*). The initial determination never became a final decision. Lane filed the 2017 claim that is currently before the Court after she separated from her husband. (DE 10-1 at 3). Of note, while there was testimony before the ALJ regarding Lane's prior 2007 claim, the ALJ did not address the initial determination regarding the 2007 claim which found that Lane was disabled. (*Id.*)

## II.     STANDARD OF REVIEW

### A.     M&R Standard

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged,

---

[1] Citations to "Tr." throughout the order refer to the administrative record at DE 9.

de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.*

### B. Social Security Standard

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the

3

evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456; *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The issue before the Court is whether an ALJ is required to consider an initial determination of disability made by the Social Security Administration ("SSA") when deciding a subsequent similar disability claim. The M&R recommends finding that an ALJ does not have to consider the initial determination. (DE 16). Plaintiff objects, arguing that Acquiescence Ruling 00-1(4) ("AR 00-1(4)") is not limited to final decisions.

AR 00-1(4) applies within the Fourth Circuit to disability claims made under Titles II and XVI of the Social Security Act. 2000 WL 43774, at *1–4 (S.S.A. Jan. 12, 2000). The ruling states that "when adjudicating a subsequent disability claim arising under the same or a different title of the Act as the prior claim, an adjudicator . . . must consider such a prior finding." *Id.* However, this ruling "applies only to a finding . . . which was made in a final decision by an ALJ or the Appeals Council on a prior disability claim." *Id.* In *Lail*, the court interpreted AR 00-1(4) to hold that an ALJ does not have to consider an initial determination as it is not a final decision. *Lail v. Colvin*, No. 5:13-CV-00089-MR-DLH, 2014 WL 4793234, at *6 (W.D.N.C. Sept. 25, 2014) ("Here, the determination of disability for the Plaintiff in 2000 was made at the initial stage. Thus, such determination did not have to be considered by the ALJ.") (internal citation omitted). The M&R recommends affirming as the ALJ was not required to consider the initial

4

determination based on the plain language of AR 00-1(4) coupled with *Lail*. This Court agrees.

Here, Lane had an initial determination for her 2007 claim. However, the initial determination never became a final decision. Accordingly, based on AR 00-1(4) and *Lail*, the ALJ was not required to consider it. Lane's argument that *Lail* was wrongly decided based on *Rice*, *Hall*, and *Bird* is unavailing. *Rice*, an unpublished opinion, applies to redeterminations of medical improvement and was decided before AR 00-1(4) issued. *Rice v. Shalala*, 1 F.3d 1234 (4th Cir. 1993). In *Hall*, the magistrate recommended remanding after finding that while "the Fourth Circuit has not addressed whether ALJs are required to explicitly consider and explain their reasons for deviating from a prior finding of disability in cases where the individual's benefits were terminated for non-medical reasons . . . the Fourth Circuit's holdings in *Lively*, *Albright*, and *Bird* suggest that the decision cannot be ignored." *Hall v. Berryhill*, No. CV 2:16-583-BHH-MGB, 2017 WL 2805045, at *12–13 (D.S.C. June 13, 2017). However, the magistrate did not analyze AR 00-1(4)—which specifically interprets *Lively* and *Albright*—because the "disability finding was rendered at the initial administrative level and not by an ALJ." *Id.* at *12. Moreover, the recommendation was adopted based on the clear error standard because no objection was filed and there was no discussion on the merits of this issue in the order. *Hall v. Berryhill*, No. 2:16-CV-583-BHH, 2017 WL 2797513, at *1 (D.S.C. June 28, 2017). Accordingly, it holds little weight.

Likewise, *Bird* is equally unpersuasive as it dealt with Veterans Affairs disability decisions, rather than internal SSA disability findings, and was subsequently overruled by statute. *Bird v. Commissioner*, 699 F.3d 337, 339 (4th Cir. 2012). In *Bird*, the Fourth Circuit held that the ALJ must give substantial weight to a VA disability rating unless the record before the ALJ "clearly demonstrates" that such a deviation from a finding of substantial weight is

5

appropriate. *Id.* at 343–44. However, the rules changed for applications filed after March 27, 2017—like Lane's application in the present case—and ALJs are no longer required to give the VA disability rating controlling weight. 20 C.F.R. § 404.1504. Thus, *Bird* is incongruous with the present case and is no longer controlling in light of the revised statute.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (DE 16), is **ADOPTED**;

2. Plaintiff's Motion for Summary Judgment, (DE 10), is **DENIED**;

3. Defendant's Motion for Summary Judgment, (DE 13), is **GRANTED**; and

4. Defendant's decision to deny Plaintiff Social Security benefits is **AFFIRMED**.

The Clerk is directed to close this case.

**SO ORDERED**.

Robert J. Conrad, Jr.
United States District Judge